UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NORMAN HAYES SPECK, | Case No. SACV 15-1186-DSF(AJW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

Petitioner filed a petition for a writ of habeas corpus on July 27, 2015. On August 13, 2015, the petition was dismissed without prejudice and with leave to amend. The order dismissing the petition explained that the petition failed to set forth an intelligible claim for relief and that the Court could not determine whether it had jurisdiction to consider the petition.

Petitioner was provided an opportunity to cure these deficiencies by filing an amended petition. Petitioner was cautioned that failure to timely comply with the order would result in dismissal of this action without prejudice. Petitioner's amended petition was due on September 10, 2015. As of the date of this order, petitioner has neither filed an amended petition nor requested additional time within which to do so.

1     A district court's authority to dismiss a litigant's action for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-630 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts." Link, 370 U.S. at 629-630.

    In determining whether to dismiss a case for failure to prosecute, failure to comply with court orders, or failure to comply with a local rule, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors); see Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (same), cert. denied, 538 U.S. 909 (2003); see generally Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (failure to comply with discovery orders); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute), cert. denied, 523 U.S. 1007 (2001). Regardless of whether a litigant's conduct is most properly characterized as a failure to prosecute, comply with an order, or follow a local rule, the applicable standard is the same.

    The first and second factors — the public's interest in expeditious resolution of litigation and the court's need to manage

its docket — favor dismissal. See Computer Task Group, 364 F.3d at 1115; Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)); see also In re PPA Prod. Liab. Litig.,460 F.3d at 1234 ("[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket.").

The third factor — prejudice to defendants or respondents — also weighs in favor of dismissal. In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994)(citing Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)); see also Pagtalunan, 291 F.3d at 642-643 (holding that unreasonable delay weighed in favor of dismissal, and noting that "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale") (citing Sibron v. New York, 392 U.S. 40, 57 (1968)).

The fourth factor — the availability of less drastic sanctions — also supports dismissal. The Court explicitly warned petitioner about the consequences of failing to file an amended petition. See In re PPA Prod. Liab. Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."); Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); Anderson, 542 F.2d at 525 ("There is no requirement that every single alternative remedy be

examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required.").

The fifth factor — the public policy favoring disposition of cases on their merits — weighs against dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1454 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Petitioner has not fulfilled that obligation.

The five-factor test for dismissal under Rule 41(b) is a disjunctive balancing test, so not all five factors must support dismissal. See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal). Four of the five factors support dismissal in this case.

Prior to dismissal on the court's own motion, a pro se petitioner should be notified of the basis for dismissal and warned that dismissal is imminent. See Ferdik, 963 F.2d at 1262; West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). That prerequisite has been satisfied in this case. Therefore,

1  dismissal under Rule 41(b) is appropriate.

2      It is within the Court's discretion to determine whether
3  dismissal for failure to prosecute or failure to comply with orders
4  should be with prejudice or without prejudice. Considering all the
5  circumstances, dismissal without prejudice is more appropriate in this
6  case. Accordingly, this case is dismissed without prejudice.

7      **It is so ordered**

8          10/15/15
9  Dated: _____

                                                        Dale S. Fischer
                                                        United States District Judge

5